IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| HASSAN SHABAZZ BERRY, ) | Civil Action No.: 4:09-cv-70114-RBH |
| ) | Criminal No.: 4:07-cr-00896-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Pending before the Court is Petitioner Hassan Shabazz Berry's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255.

**<u>Procedural History and Factual Background</u>**

On November 29, 2007, the Petitioner pled guilty to one count of knowingly and intentionally possessing with intent to distribute 500 grams or more of cocaine ("Count 2") in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B). On May 6, 2008, this Court sentenced the Petitioner to a term of imprisonment of 168 months as to Count 2. Subsequently, the Petitioner filed a Notice of Appeal. On May 1, 2009, the Fourth Circuit affirmed the Petitioner's conviction and sentence, and entered an Order denying petition for rehearing on June 16, 2009. On September 15, 2009, the Petitioner filed a petition for a writ of certiorari with the United States Supreme Court. The Supreme Court denied certiorari on January 19, 2010.

The Petitioner has submitted documentation, which indicates that on October 13, 2009, the Attorney General of New Jersey moved the Superior Court of New Jersey, Middlesex County, to dismiss the indictment and vacate the state conviction listed in paragraph 35 (possession with intent to distribute a controlled substance) of the Petitioner's Presentence Investigation Report ("PSR"). [Docket # 94-1, p.13]. He further submitted documentation indicating that said State of New Jersey conviction listed in paragraph 35 of the PSR, which was used to enhance the Petitioner's

sentence as a "career offender" pursuant to U.S.S.G. § 4B1.1, was, in fact, vacated and the indictment was dismissed with prejudice on October 21, 2009. *Id.* at 12. On November 4, 2009, the Petitioner filed the Motion to Vacate [Docket # 94] at issue in this matter. The Petitioner asserts four grounds for relief in his Motion to Vacate, including the same matters he raised in his petition for writ of certiorari with the Supreme Court. Specifically, the Petitioner challenges his enhanced sentence pursuant to U.S.S.G. § 4B1.1 because (1) his predicate conviction listed in paragraph 35 of the PSR has been vacated; (2) the other predicate offense for attempted rape (PSR ¶ 34) was not a crime of violence because "it may be committed in several ways"[1]; (3) the Petitioner requests the Court to grant "a reduction of sentence pursuant to post conviction rehabilitation"; and (4) Defense Counsel was ineffective for failing to examine his conviction file and discover that the conviction listed in paragraph 35 of the PSR has been vacated.

The Respondent filed a Motion to Dismiss the § 2255 Petition as Premature [Docket # 107] on November 24, 2009, which the Court considered a motion for summary judgment. The Court issued an Order filed November 30, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Subsequently, the Petitioner filed a response in opposition and a renewed response in opposition to the Respondent's motion. On April 21, 2010, the Court issued an Order [Docket # 120] directing the Respondent to respond to the Petitioner's Motion to Vacate and address the merits, as well as its position regarding re-sentencing based on the state court's vacating one of the Petitioner's prior predicate convictions used for establishing career offender status. On April 30, 2010, the Respondent filed a response [Docket # 122] in which it stated:

---

[1] The PSR only listed two predicate convictions for purposes of the career offender enhancement pursuant to U.S.S.G. § 4B1.1.

> The government consents to resentencing. However, the Court should take note that Mr. Berry was <u>not</u> sentenced within the career offender guideline at his original sentencing. The government believes that the Court should reimpose the same sentence on resentencing since the Court imposed what it believed to be the appropriate sentence initially despite the guidelines. The government will offer evidence to support its position at resentencing. The government moves the court to reissue the presentence report prior to resentencing.

[Docket # 122, p.1].

## Standard of Review

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a) (West 2009). In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." LAURIE L. LEVENSON, FEDERAL CRIMINAL RULES HANDBOOK 655 (West 2009); *see* 28 U.S.C. § 2255(b).

## Discussion

The well-established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending. *See Bowen v. Johnston,* 306 U.S. 19, 26-27 (1939). Accordingly, "if a federal prisoner has a direct appeal pending, federal courts will usually dismiss a Section 2255 petition *without prejudice* with leave to file a new Section 2255 petition after the judgment in the pending direct appeal becomes final." *Caley v. LaManna,* No. 9:08-cv-2146-GRA-GCK, 2008 WL 2906883, at *3 n.4 (D.S.C. July 28, 2008); *see Hayes v. United States,* No. 7:07CV00388, 2007 WL 2381984 (W.D. Va. Aug. 19, 2007)

3

(dismissing § 2255 motion concerning ineffective assistance of counsel *without prejudice* due to pending direct appeal). Dismissal of a premature § 2255 motion without prejudice will not prevent a petitioner from pursuing relief under § 2255 after appeal proceedings are completed. *See Villanueva v. United States,* 346 F.3d 55, 60 (2d Cir. 2003) (finding that prior § 2255 motion dismissed as premature does not trigger successive petition bar).

However, petitioners are generally granted a re-sentencing if a conviction underlying their original sentence is later vacated. *See Custis v. United States,* 511 U.S. 485, 493 (1994) (recognizing that once defendants have successfully attacked their state convictions, they are permitted to "apply for reopening of any federal sentence enhanced by the state sentences"). The Supreme Court has explained "that a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated," and "that the proper procedure for reducing a federal sentence enhanced on the basis of an invalid conviction is to seek a vacatur of a state conviction, and then proceed through federal habeas." *Johnson v. United States,* 544 U.S. 295, 303 & 313 (2005). More specifically, the Fourth Circuit, when reviewing sentences imposed under the career offender guideline, has repeatedly concluded that sentence enhancements based on previous convictions should be reconsidered if those convictions are later vacated. *See, e.g., United States v. Gadsen,* 332 F.3d 224, 228 (4th Cir. 2003) (finding that a defendant may apply for a reopening of his federal sentence once he has successfully challenged an underlying conviction); *United States v. Bacon,* 94 F.3d 158, 162 n.3 (4th Cir. 1996) (noting that a federal defendant may "seek review of any federal sentence that was enhanced due to his state conviction" if he has successfully overturned a prior conviction). Unless the record of the case clearly shows that the prisoner is not entitled to relief in such a situation, the court should grant a rehearing to re-sentence the prisoner. 28 U.S.C. § 2255(b).

In the instant matter, the Petitioner's Motion to Vacate alleges that his sentence was wrongly enhanced because the conviction listed in paragraph 35 of the PSR has been vacated, the PSR failed to ascertain the statutory definition of the State of Virginia conviction listed in paragraph 34 prior to enhancing the Petitioner's sentence as a career offender, and Defense Counsel was ineffective for failing to examine his conviction file and discover that the conviction listed in paragraph 35 of the PSR has been vacated. The Petitioner also requests a reduction of sentence pursuant to post conviction rehabilitation from the Court. Significantly, the Respondent has filed a response to the Court's recent Order consenting to re-sentencing. As such, the Court will grant the Petitioner's Motion to Vacate as it relates to the Petitioner's career offender enhancement based on the predicate conviction listed in paragraph 35 of the PSR, which has been vacated; however, the Court denies *without prejudice* the Petitioner's request for a reduction of sentence pursuant to post conviction rehabilitation.

Additionally, grounds two (2) and four (4) of the Petitioner's Motion to Vacate are moot because the Petitioner will have at most only one predicate conviction, which is insufficient to establish career offender status. In short, the questions of whether the Petitioner's prior conviction for attempted rape (PSR ¶ 34) qualifies as a crime of violence and whether Defense Counsel was ineffective as it relates to the predicate conviction listed in paragraph 35 of the PSR do not affect the Petitioner's advisory guidelines level, as the Petitioner will not be subject to the career offender enhancement but will receive three (3) criminal history points for the attempted rape conviction nonetheless.

## Conclusion

Based on the foregoing, it is **ORDERED** that the Petitioner's Motion to Vacate [Docket #94] is **GRANTED in part** as to ground one (1)**, DENIED in part** as to ground three (3). Grounds two (2) and four (4) are moot since the Court granted the Motion to Vacate on ground

5

one (1). Specifically, the Clerk shall schedule a hearing for re-sentencing, and United States Probation shall prepare a revised PSR deleting the vacated predicate conviction for career offender purposes. However, the Court denies the Petitioner's request for a reduction of sentence pursuant to post conviction rehabilitation *without prejudice* to his right to argue all 18 U.S.C. § 3553(a) factors at the re-sentencing hearing. Because the Petitioner is confined and will have a difficult time retaining an attorney, the Court determines that justice requires the appointment of an attorney to represent the Petitioner, and the Clerk is hereby authorized to take the necessary steps to have that done.[2] *See* 18 U.S.C. § 3006A.

**IT IS FURTHER ORDERED** that the Respondent's Motion to Dismiss the § 2255 Petition as Premature [Docket # 107] is **DENIED**, and the Petitioner's motion for entry of default [Docket # 114] is **MOOT**.[3]

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
May 4, 2010

---

[2] The Court is assuming that the Petitioner is not now represented by counsel of his choice. If, however, he is now represented by an attorney or chooses to employ one at his own expense, that attorney shall notify the Clerk and the aforementioned appointment of counsel at the government's expense will be terminated.

[3] Defense Counsel filed an affidavit in response to the Petitioner's § 2255 motion on November 17, 2009.